# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. MOORE, JAMES RODENBO, <br><br> Plaintiffs, <br><br> v. <br><br> VICTOR WILLIS, <br><br> Defendant. | Case No. 14cv1602 BTM(RBB) <br><br> **ORDER GRANTING MOTION TO REMAND** |

Judgment Creditor Van Wyck, Inc., has filed a motion to remand this action to state court. For the reasons discussed below, Van Wyck's motion is **GRANTED**.

## I. BACKGROUND

In October, 2010, this suit was commenced by Plaintiffs Michael E. Moore and Jason Rodenbo in the Superior Court of California. Plaintiffs sued Defendant Victor Willis for breach of a legal services contract.

On May 23, 2011, default judgment was entered against Willis and in favor of Plaintiffs.

On May 22, 2014, the judgment was assigned to Van Wyck. On June 10, 2014, Van Wyck filed a motion to appoint a receiver to aid in collection of the

judgment by taking possession of and conducting a sale of copyright interests claimed by Willis in certain musical compositions.  Those copyrights are the subject of a separate action pending before this Court, Scorpio, et al. v. Willis, 11cv1557 BTM.

      On July 3, 2014, Willis removed the action to this Court.

      On August 8, 2014, Van Wyck filed its motion to remand.

      On August 22, 2014, Willis filed a motion to consolidate this case with the Scorpio case.

## II.  DISCUSSION

      Van Wyck moves to remand this action on the ground that the Court has no subject matter jurisdiction.  As discussed below, the Court agrees with Van Wyck.

      The removing defendant always has the burden of establishing that removal is proper, and the court resolves all ambiguity in favor of remand to state court.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  In his Notice of Removal, Willis contends that the Court has original jurisdiction over the matter because Van Wyck's claim "arises under copyright law."

      Under the "well-pleaded complaint" rule, federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983).  This rule makes a plaintiff the "master of his complaint" and allows him to "avoid federal jurisdiction by relying exclusively on state law." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000).  In determining whether a state claim depends on the resolution of a federal question to such an extent that subject matter jurisdiction is triggered,

courts ask whether the federal question is "basic" and "necessary" as opposed to "collateral" and "merely possible," "pivotal" as opposed to "incidental," or "direct and essential" as opposed to "attenuated." Lippitt v. Raymond James Financial Serv., Inc., 340 F.3d 1033, 1045 (9th Cir. 2003).

Here, the state claim is for breach of contract. (Amended Complaint attached to Notice of Removal). The complaint does not seek remedies under the Copyright Act or involve copyrights at all. Furthermore, the state claim does not necessarily depend on a resolution of copyright issues. To the extent copyright issues are involved in post-judgment enforcement proceedings, the federal issues are collateral and do not bear upon the merits of Plaintiffs' claim. See, e.g., Tulsa Industr. Auth. v. Tulsa Airports Improvement Trust, 2013 WL 5964012, at *4 (N.D. Okla. Nov. 7, 2013) (holding that state law claim did not necessarily raise a federal issue where the federal law issue would arise only in post-judgment proceedings if plaintiffs established that defendant was liable for breach of contract or breach of representation).

Even if it were proper to base subject matter jurisdiction on issues raised in post-judgment motions, as opposed to the complaint, the Court would not find that federal question jurisdiction exists in this case. The Ninth Circuit explains that "it is well established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists." Scholastic Entm't Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003). The test is "whether (1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." Id. at 986.

Van Wyck's motion to appoint a receiver arises from state law governing enforcement of judgments. State law, not federal statutory law, governs whether copyrights are subject to execution to satisfy a judgment. Hendricks & Lewis PLLC, __ F.3d __, 2014 WL 4197388, at *4 (9th Cir. 2014). For this

reason, federal question jurisdiction is not created when a plaintiff seeks to enforce a state court judgment by invoking state law procedures to gain control over the defendant's copyrights and other assets. Thus, in <u>Cardwell v. Orsa Institute, LLC</u>, 2012 WL 3235758 (W.D. Tex. Aug. 6, 2012), the court held that the plaintiff's petition for a turnover order and to void an alleged fraudulent transfer of copyrighted works was based upon Texas law and did not support federal question jurisdiction. <u>See also</u> <u>Republic Pictures Corp v. Security-First Nat. Bank of Los Angeles</u>, 197 F.2d 767 (9th Cir. 1952) (holding that federal jurisdiction does not exist in a case to foreclose a mortgage on a copyright).

Willis argues that Van Wyck seeks relief that violates the involuntary transfer provision of the Copyright Act. That provision provides:

> When an individual author's ownership of a copyright, or of any of the exclusive rights under a copyright, has not previously been transferred voluntarily by that individual author, no action by any governmental body or other official or organization purporting to seize, expropriate, transfer, or exercise rights of ownership with respect to the copyright, or any of the exclusive rights under a copyright, shall be given effect under this title, except as provided under title 11.

17 U.S.C. § 201(e). But Willis's reliance on this provision is a *defense*, and it is well-established that a case may not be removed on the basis of a federal defense. <u>See</u> <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 397 (1987); <u>see also</u> <u>Segundo Suenos, LLC v. Jones</u>, 494 Fed. Appx. 732, 735, 2012 WL 3682912 (9th Cir. Aug. 28, 2012) ("The absence of federal question jurisdiction is not cured by a defense arising from copyright law.").[1]

Willis has not established that the Court has subject matter jurisdiction over this action. Therefore, the Court finds that removal was improper and

---

[1] It also appears that § 201(e) does not provide any protection to Willis because it only applies when an individual author's ownership of a copyright "has not previously been transferred voluntarily by that individual author." <u>See</u> <u>Hendricks</u>, 2014 WL 4197388, at *6 (holding that § 201(e) did not protect current owner of copyright because he had previously transferred his copyright interest to Warner Bros. as part of a settlement before Warner Bros. agreed to transfer ownership back). The copyrights at issue here were previously transferred to Can't Stop Productions, Inc., by way of Adaptation Agreements.

1 | remands the case to state court.

### III.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Van Wyck's motion to remand.  The Court **REMANDS** this case to the Superior Court of California, County of San Diego.

The Court **DENIES AS MOOT** Willis's Motion to Consolidate Cases and ex parte motion to continue the hearing on the Motion to Remand so that it can be heard at the same time as the Motion to Consolidate.

**IT IS SO ORDERED.**

DATED:  September 8, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court